IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DARRYL D. RIGGINS,  #184051,          :

     Plaintiff,                                   :

vs.                                                    :     CIVIL ACTION 14-0542-KD-N

CORIZON, INC., *et al.*,                       :

     Defendants.                              :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C.

§ 1983 together with a motion to proceed without prepayment of fees.  This action was referred

to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

72.2(c)(4).  After careful consideration of the pleadings, it is recommended that this action be

dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)

as malicious and that this action be counted as a strike for the purpose of 28 U.S.C. § 1915(g), or

in the alternative, that this action be dismissed without prejudice pursuant to 28 U.S.C. §

1915(g).

I.  POSTURE OF ACTION.

Plaintiff's action comes before the Court for screening pursuant 28 U.S.C. §

1915(e)(2)(B) due to plaintiff having filed a motion to proceed without prepayment of fees.

(Doc. 2).  This section provides for the dismissal of an action that is found to be malicious.  28

U.S.C. § 1915(e)(2)(B)(i).

Plaintiff used the Court's § 1983 complaint form when he commenced this § 1983 action

against numerous defendants.  (Doc. 1).  Plaintiff stated, in response to the complaint form's

questions, that he had not filed other lawsuits in state or federal court with the same or similar

facts involved in this action and had not filed other lawsuits relating to his imprisonment.  (Id. at

3).  Furthermore, plaintiff signed his complaint under penalty of perjury stating that the facts in

his complaint were true and correct.  (Id. at 7).

## II.  ANALYSIS.

### A.  Legal Standards for Maliciousness Under § 1915(e)(2)(B)(i).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff

affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure

of such history and signs the complaint form under penalty of perjury, as such a complaint

"constitutes abuse of the judicial process warranting dismissal of the case without prejudice."

Thompson v. Quinn, No. 3:11cv533/RV/EMT, 2012 WL 6761569, at *1 (N.D. Fla. Dec. 4,

2012) (unpublished) (collecting cases), adopted, 2013 WL 45259 (N.D. Fla. Jan. 2, 2013); see

Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (upholding counting as a strike under §

1915(g) an action that was dismissed for an abuse of legal process when the inmate lied under

penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S.

199, 215-17 (2007); Schmidt v. Navarro, 576 F. App'x 897, 898-99 (11th  Cir. 2014)

(unpublished) (affirming the dismissal without prejudice of action pursuant to § 1915(e)(B)(2)(i)

as malicious as a sanction for the plaintiff's abuse of process when he failed to disclose under

penalty of perjury two prior federal actions on his complaint form);[1] Harris v. Warden, 498 F.

App'x 962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse

of process when the inmate failed to disclose his litigation history in his original and amended

---

[1]  "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

complaints even though the form complaint described the type of cases he was bound to disclose); Jackson v. Florida Dep't of Corrs., 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had no action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), cert. denied, 133 S.Ct. 2050 (2013); Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); Shelton v. Rohrs, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his argument that he did not remember filing any civil actions and his records were inaccessible); Young v. Secretary Fla. Dep't of Corrs., 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (affirming the sua sponte dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not disclose his prior lawsuits despite his argument that he lacked access to the documents due to the "excess legal material" rule); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question

3

asking whether he had brought any other lawsuits dealing with facts other than those in his action

because he had in fact brought other lawsuits and the question was not ambiguous; "the district

court was correct to conclude that to allow Hood to then acknowledge what he should have

disclosed earlier would serve to overlook his abuse of the judicial process"). Furthermore, when

a court dismisses without prejudice an action that it finds malicious, it must consider whether the

action may be re-filed or if the dismissal without prejudice is effectively a dismissal with

prejudice due to the statute of limitations preventing the plaintiff from re-filing the action.

Stephenson v. Warden, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); see Schmidt, 576

F. App'x at 899 (affirming the dismissal without prejudice of an action as malicious, based on

plaintiff's failure to advise of prior lawsuits as required by the complaint form, because the

complaint could be re-filed as the statute of limitations had not expired).

**B. Application of Law to Facts.**

In the present complaint, plaintiff indicates that he previously did not file other lawsuits,

in state or federal court, which contain the same or similar facts as those in the present action or

which relate to his imprisonment. (Doc. 4 at 3). However, an examination of PACER ("Public

Access to Court Electronic Records") reflects twenty-nine cases for plaintiff.[2][3] Included in this

---

[2] The Court takes judicial notice of its records. Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

[3] Riggins v. Hightower, CA No. 99-0722-WHA-CSC (M.D. Ala. Sept. 7, 1999) (§ 1915(e)(2)(B) dismissal), appeal dismissed (11th Cir. Sept. 27, 2000) (frivolous); Riggins v. Hightower, CA No. 99-0952-WHA-CSC (M.D. Ala. Apr. 7, 2000) (§ 1915(e)(2)(B) dismissal); Riggins v. Coody, CA No. 99-1230-MHT-SRW (M.D. Ala. Nov. 23, 1999) (§ 1915(e)(2)(B) dismissal); Riggins v. Hilber, CA No. 02-2154-RBP-JEO (N.D. Ala. Sept. 16, 2003) (failed to prosecute); Riggins v. Hilbert, CA No. 02-2184-RBP-JEO (N.D. Ala. Feb. 13, 2000) (§ 1915A dismissal); Riggins v. Studdard, CA No. 02-2205-RBP-JEO (N.D. Ala. Feb. 3, 2003) (dismissed for failing to pay); Riggins v. McDonnell, CA No. 04-0542-WHA-CSC (M.D. Ala. July 7, 2004) (habeas transferred); Riggins v. McDonnell, CA No. 04-1718-JEO (N.D. Ala. Sept. 1, 2004) (habeas – dismissed for failing to pay); Riggins v. McDonnell, CA No. 04-0945-MEF-CSC (M.D. Ala. Jan 5, 2005) (§ 1915(g) dismissal); Riggins v. McDonnell, CA No. 04-0946-WHA- CSC (M.D. Ala. Nov. 29, 2004) (§ 1915(g) dismissal); Riggins v. Dr. Robinson, CA No. 04-0948-

number are the present action and three actions that were transferred, resulting in another case

being opened for each case by the receiving courts.  (In addition, this review informed the Court

that § 1915(g) appears to have the effect of causing plaintiff to file some of his recent lawsuits in

state court, as evidence by three actions that were removed to federal court by defendants.)

Furthermore, plaintiff has had thirteen actions dismissed pursuant to 28 U.S.C. § 1915(g).

In Rivera, supra, the Eleventh Circuit affirmed the district court's dismissal of the

prisoner's action without prejudice as a sanction for "abus[ing] the judicial process" when he lied

under penalty of perjury about the existence of a prior lawsuit, and the district court's treatment

of the dismissal as a strike.  144 F.3d at 731.  In its affirmance, the Eleventh Circuit reasoned

that "[a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,'

dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned

when drafting section 1915(g)."  Id.  In the subsequent case of Pinson v. Grimes, 391 F. App'x

797 (11th Cir.) (unpublished), cert. denied, 131 S.Ct. 517 (2010), the Eleventh Circuit, relying on

Rivera, affirmed the district court's "finding an abuse of judicial process and issuing a strike"

---

MEF-CSC (M.D. Ala. Jan 10, 2005) (§ 1915(g) dismissal); Riggins v. McDonnell, CA No. 04-1030-
MEF-VPM (M.D. Ala. Dec. 2, 2004) (§ 1915(g) dismissal); Riggins v. Culliver,  CA No. 05-0745-CG-B
(S.D. Ala. Sept. 6, 2006) (§ 1915(g) dismissal); Riggins v. Prison Health Services, CA No. 05-0401-
MHT-CSC (M.D. Ala. May 27, 2005) (transferred); Riggins v. Prison Health Services, CA No. 05-0325-
WS-C (S.D. Ala. Sept. 16, 2005) (voluntary dismissal); Riggins v. Jones, CA No. 05-1915-JEO (N.D.
Ala. Feb. 2, 2009) (dismissal for defendants); Riggins v. Campbell, CA No. 05-2609-KOB-JEO (N.D.
Ala. Jan. 23, 2006) (§ 1915(g) dismissal); Riggins v. Allen, CA No. 08-0014-RDP-JEO (N.D. Ala.  Apr.
4, 2008) (dismissed for failing to pay); Riggins v. Hetzel, CA No. 08-0048-JEO (N.D. Ala. Jan. 8, 2008)
(§ 1915(g) dismissal); Riggins v. Barnes, CA No. 08-0157-KD-B (S.D. Ala. Mar. 2, 2010) (§ 1915(g)
dismissal); Riggins v. Allen, CA No. 08-0218-MHT-CSC (M.D. Ala. Apr. 16, 2008) (transferred § 1983
action); Riggins v. Allen, CA No. 08-0195-CG-C (S.D. Ala.  May 29, 2008) (§ 1915(g) dismissal);
Riggins v. Culliver, CA No. 08-0651-CB-M (S.D. Ala. Feb. 23, 2010) (§ 1915(g) dismissal); Riggins v.
Health Service Co., CA No. 11-0422-WKW-CSC (M.D. Ala. June 26, 2014) (removed action dismissed
on defendants' summary judgment) (appeal pending); Riggins v. Jones, CA No. 12-0284-KD-M (S.D.
Ala. July 19, 2012) (§ 1915(g) dismissal); Riggins v. Corizon Medical Servs., CA No. 12-0578-WS-M
(S.D. Ala. Nov. 9, 2012) (removed action dismissed pursuant to § 1915(g)); Riggins v. Kuoy, CA No. 13-
0931-TMH-CSC (M.D. Ala. May 8, 2014) (removed § 1983 action transferred); and Riggins v. Kuoy, CA
No. 14-0215-CG-M (S.D. Ala. July 30, 2014 (§ 1915(g) dismissal).

when the prisoner had only listed two prior cases despite having filed two other federal cases within the preceding month.  Id. at 799.

When plaintiff filed the present action, he *knowingly* chose not to list his previously filed actions.  It is evident that plaintiff was and is aware of his prior actions because he eventually began filing his § 1983 actions in state court due to § 1915(g)'s impact on his prior federal court § 1983 actions, and because his prior actions that were dismissed pursuant to § 1915(g) listed prior actions that qualified him for § 1915(g) treatment.  Nonetheless, plaintiff proceeded to sign the present complaint under penalty of perjury.  (Doc. 4 at 7).  This type of behavior by a prisoner plaintiff is deemed by the courts to be an abuse of the judicial process so as to warrant the action's dismissal as malicious pursuant to § 1915(e)(2)(B)(i) and to it being counted as a strike for § 1915(g) purposes.  Rivera, supra; Pinson, supra.  Inasmuch as plaintiff identifies July 25, 2014 as the date for the complained of incident, the two-year statue of limitations for bringing a § 1983 claim in Alabama has not expired.  See Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).  Accordingly, the Court finds that plaintiff's action is malicious and recommends that it be dismissed without prejudice.

### C.  Legal Standards for Dismissal Under 28 U.S.C. § 1915(g).

An alternative basis for dismissal of this action is 28 U.S.C. § 1915(g).  When the complaint was filed, plaintiff filed a motion to proceed without prepayment of fees and did not pay $400 filing fee, which he is required to pay as a "three-striker" unless he meets the exception to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or

> appeal a judgment in a civil action or proceeding under this
> section [28 U.S.C. § 1915] if the prisoner has, on 3 or more
> prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United
> States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of
> serious physical injury.

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner

who has had three actions or appeals dismissed as meritless to pay the full filing fee when his

next action is filed. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). "The only

exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious

physical injury.'" Rivera, 144 F.3d  at 723 (11th Cir. 1998).

The Court's review of the records of the United States District Court for the Southern,

Middle, and Northern Districts of Alabama verified that plaintiff has three or more in forma

pauperis actions or appeals that were dismissed on the grounds that they were frivolous,

malicious, or failed to state a claim upon which relief can be granted, namely, Riggins v.

Hightower, CA No. 99-0722-WHA-CSC (M.D. Ala. Sept. 7, 1999) (§ 1915(e)(2)(B) dismissal),

appeal dismissed (11th Cir. Sept. 27, 2000) (frivolous); Riggins v. Hightower, CA No. 99-0952-

WHA-CSC (M.D. Ala. Apr. 7, 2000) (§ 1915(e)(2)(B) dismissal); Riggins v. Coody, CA No. 99-

1230-MHT-SRW (M.D. Ala. Nov. 23, 1999) (§ 1915(e)(2)(B) dismissal).  Thus, plaintiff has

"three strikes," and his action comes within the scope of 28 U.S.C. § 1915(g).

In order to avoid the dismissal of the present action pursuant to § 1915(g), plaintiff must

satisfy the exception to § 1915(g), which requires that at the time of the complaint's filing, he

show that he was "under imminent danger of serious physical injury." See Adbul-Akabar v.

McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated

that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms,

not those harms that had already occurred."), cert. denied, 533 U.S. 953 (2001); Brown v.

Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent

danger, as opposed to a past danger, to proceed under section 1915(g)"); Medberry v. Butler, 185

F.3d 1189, 1193 (11th Cir. 1999) (the plaintiff must face imminent danger of serious physical

injury at the time the complaint is filed, not at a prior time).

In determining if the exception to § 1915(g) is satisfied, "the issue is whether his

complaint, as a whole, alleges imminent danger of serious physical injury."  Brown, 387 F.3d at

1350.  To make this showing, a plaintiff "must allege and provide specific fact allegations of

ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of

imminent serious physical injury and vague allegations of harm and unspecific references to

injury are insufficient."  Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D.

Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished) (Granade, C.J.).  This

danger must exist at the time the complaint is filed.  (Id.).  Plaintiff has not made this showing.

### D.  Application of Law to Facts.

The Court finds that the complaint does not plausibly allege that plaintiff was in

"imminent danger of serious physical injury" at the time the complaint was filed.  Plaintiff

complains that on July 25, 2014, while he was incarcerated in the infirmary, nurse Regina Hardy

"did in fact have sexual intercourse with [him]. . .[giving him] the very panties she was

wearing." (Doc. 1 at 4).  On August 19, 2014, the panties were given to investigator Dale.  (Id.).

No investigation has been done, and plaintiff was refused medical and mental health treatment.

(Id.).

"In the month of July/August 2014, [he] was called to the H.C.U. [Health Care Unit] by

Sgt. E. Whittle who allowed Nurse Regina Hardy to sexually assault/abuse/rape [him] for

$100.00 and for [him] to sell four (4) of the five (5) cell phones for her (Sgt. E. Whittle) at the

prison value of $5000.00 each[.  He] was to bring Sgt. Whittle $2000.00 back for four (4) of the

phones." (Id. at 8).  Defendant Whittle intended plaintiff to keep one of the phones for himself.

(Id. at 11).  However, plaintiff was placed in segregation due to drugs being found in Nurse

Hardy's personal bag, and while he was in segregation, the cell phones were confiscated.  (Id. at

8).  He is now unable to pay defendant Whittle her $2,000.00, which has resulted in her

retaliating against him "by physically slapping [him] with a[n] open palm in [his] face on

October 31, 2014 and physically choking [him] by [the] throat with both hands on November 1,

2014 and has repeatedly pulled out her ma[c]e to spray [him] and threatened to have [him]

beaten and physically harmed if [he] do[es]n't pay her $2000.00 for the cell phones and for

allowing Regina Hardy to have sex with [him] prior to July 25, 2014." (Id.).

"Plaintiff wrote to Warden Walter Myers and Warden Gwendolyn Givens concerning

Sgt. E. Whittle[.]" (Id. at 8).  Neither warden has responded nor was any taken action to stop

defendant Whittle.  (Id.).  "Thus[,] [he] created a situation on November 1, 2014 to make Sgt. E.

Whittle lock [him] up in segregation" (Id.).[4]

In the present action, plaintiff is required to show that at the time of the complaint's

filing, he was in "imminent danger of serious physical injury."  The complaint's filing occurred

---

[4] Plaintiff names numerous defendants: RN Benny Andrews, Health Service Administrator; RN Gloria
McClain, Director of Nurses; LPN Regina Hardy; Walter Myers, Warden at Holman Correctional
Facility; Gwendolyn Givens, Assistant Warden; Darryl Fails, Captain; Regina Bolar, Lieutenant; Emily
Whittle, Sergeant; and Lafesacalia Sims, Correctional Officer.  These defendants are listed in Section III
of the complaint.  (Doc. 1 at 5, 9-10); see Doc. 1 at 1 ("The persons who are listed as defendants in
section III of the complaint are deemed by the court to be the only defendants to this action.").  Corizon,
Inc., which is listed in the style of the case (Doc. 1 at 1) and on the docket sheet, is not a defendant to this
action because it is not listed in Section III.  The Clerk is **DIRECTED** to remove Corizon, Inc. from the
docket sheet as a defendant.

when plaintiff delivered it to prison officials for mailing.  Houston v. Lack, 487 U.S. 266, 270,

108 S.Ct. 2379, 2382 (1988); Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993).  Plaintiff

signed the complaint on November 15, 2014, and it was postmarked on November 18, 2014.

(Doc. 1 at 7, 12). Thus, for the earliest filing date, November 15, 2014, no facts are alleged to

have occurred then or close to that date.  Moreover, plaintiff makes a cryptic statement that

"[t]hus[,] [he] created a situation on November 1, 2014 to make Sgt. E. Whittle lock [him] up in

segregation,"  which is not clear but appears to indicate that he took action to remove himself

from defendant Whittle's sphere of influence.  However, he mentions that he did this so

defendant Whittle would have to lock him up.  Even though his statements are not clear, it

appears that he is no longer subject to defendant Whittle's threats.

Moreover, plaintiff's earlier allegations of being "slapped" in his face with an open palm

by defendant Whittle on October 31, 2014 and choked by her on November 1, 2014, and being

threatened by her when she "repeatedly pulled out her ma[c]e to spray [him]" and told him that

she would have him beaten or "physically harmed if [he] do[es]n't pay her $2000.00 for the cell

phones and for allowing Regina  Hardy to have sex with [him] prior to July 25, 2014" lack the

specificity necessary to show a plausible imminent serious injury.  (Doc. 1 at 8). Cf. Smith v.

Clemons, 465 F. App'x 835, 836-37 (11th Cir. 2012) (finding that the exception had been

satisfied because the plaintiff filed suit for being hit by the defendant in the gut after his hernia

surgery and then filed a separate suit for the threats made in retaliation by the defendant stating

that the physical violence would be more dangerous than the gut punch if plaintiff did not

withdraw his lawsuit).  Furthermore, plaintiff alleges that he "was sexually abused/raped by"

defendant Hardy when he was in the ward on July 25, 2014 for observation due to seizures (Doc.

1 at 4), that "in the month of July/August 2014 [he] was called to the H.C.U. by Sgt. E. Whittle

10

who allowed Nurse Regina Hardy to sexually assault/abuse/rape [him] for $100 (Doc. 1 at 8),

and that he was being retaliated against "for allowing Regina Hardy to have sex with [him] prior

to July 25, 2014." These statements are incongruent, and no explanation was provided to clarify

them. See Battle v. Central State Hosp., 898 F.2d 126, 130 n.3 (11th Cir. 1990) (finding that

"allegations that are contradicted by other allegations in the complaint may also constitute

grounds for dismissal" pursuant to Neitzke's clearly baseless test).

The complaint in its entirety is to be assessed by the Court when it makes the

determination whether an imminent danger of serious physical injury is conveyed. In examining

the foregoing rather weak allegations describing defendant Whittle's actions and threats in

conjunction with plaintiff's inconsistent statements regarding sexual contact, the Court finds that

plaintiff's allegations fail to show that he was subject to a danger that was imminent at the time

of filing and that the danger would result in a serious physical injury to him.

Because plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his

failure to pay the $400 filing fee at the time he filed this action, plaintiff's action is due to be

dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding

that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g)

does not "pay the filing fee at the time he initiates the suit") (first emphasis added); Vanderberg

v. Donaldson, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by

an inmate subject to § 1915(g) at the time an action is commenced), cert. denied, 535 U.S. 976

(2002). Therefore, it is recommended alternatively that this action be dismissed without

prejudice pursuant to 28 U.S.C. § 1915(g).[5]

---

[5] In the event that the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(g), the order
granting of plaintiff's motion to proceed without prepayment of fees will be withdrawn   (Doc. 3).

## III.  CONCLUSION.

Based upon the foregoing reasons, it is recommended that this action be **dismissed without prejudice**, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that this action be counted as a strike for the purpose of 28 U.S.C. § 1915(g), or in the alternative, that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). As such, it is further recommended that Riggins's motion for a preliminary and permanent injunction (Doc. 5) be **denied as moot**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2013).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 6th day of March 2015.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE